UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RAYMOND VOGELMAN; J. LESLIE CRAWFORD,<br><br>                      Plaintiffs,<br><br>   v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>                      Defendants. | Case No. 24-cv-0234-BAS-MMP<br><br>**ORDER**<br>  **1. GRANTING JOINT MOTION TO DISMISS CAUSE OF ACTION (ECF No. 65)**<br>  **2. GRANTING JOINT MOTIONS TO EXTEND DEADLINES (ECF Nos. 68, 70)**<br>  **3. DENYING EX PARTE REQUEST AS MOOT (ECF No. 73)** |

Before the Court are four motions: (1) Plaintiffs' and Liberty Healthcare of California, Inc.'s ("Liberty") joint motion to dismiss the ninth cause of action for negligence against Liberty (ECF No. 65); (2) Plaintiffs' and Naphcare of San Diego, LLC's ("Naphcare") motion to extend Naphcare's deadline to respond to Plaintiffs' Second Amended Complaint (ECF No. 68); (3) Plaintiffs' and Defendant Jose Pena's ("Pena") motion to extend Pena's deadline to respond to the Second Amended Complaint; and (4) Plaintiffs' *ex parte* motion for an extension of time to request an entry of default against Pena (ECF No. 73). The Court **GRANTS** the first three and **DENIES** the last for the following reasons.

<u>The motion to dismiss a cause of action against Liberty (ECF No. 65)</u>. Liberty and Plaintiffs jointly move under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) to dismiss with prejudice the ninth cause of action for "Negligence – Survival Claim (CCP 377.30)" as against Defendant Liberty only. (ECF No. 65.) A dismissal is without prejudice unless the parties stipulate otherwise. *See* Fed. R. Civ. P. 41(a)(1)(B). Here, the parties have stipulated otherwise. (*Id.* at 2–3.) Having considered the parties' request, the Court **GRANTS** the Joint Motion. (*Id.*) The ninth cause of action in Plaintiffs' Second Amended Complaint is **DISMISSED WITH PREJUDICE** as against Defendant LIBERTY HEALTHCARE OF CALIFORNIA, INC.

<u>The motions to extend Naphcare's (ECF No. 68) and Pena's (ECF No. 70) response deadlines</u>. The parties' reasons to extend these two defendants' response deadlines are intertwined and so the Court considers the motions together.

Plaintiffs served Naphcare with the Second Amended Complaint and Amended Summons on June 2, 2025. (ECF 43.) Thus, Naphcare's deadline to respond to the Second Amended Complaint was June 23, 2025. Fed. R. Civ. P. 12(a). Naphcare did not respond. Similarly, Plaintiffs timely served Pena on June 23, 2025. (ECF No. 52); Fed. R. Civ. P. 4(m). Under Rule 12(a) of the Federal Rules of Civil Procedure, the deadline to file an answer or otherwise respond to the Second Amended Complaint for Pena was July 14, 2025, yet Pena did not respond.

Now each of these defendants moves with Plaintiffs to extend their response deadlines. Motions to extend court deadlines must address different standards depending on when they are filed in relation to the original deadline. Motions filed before the original deadline must survive the "good cause" standard. Fed. R. Civ. P. 6(b)(1)(A). Motions filed after the original deadline has expired must survive the "excusable neglect" standard. Fed. R. Civ. P. 6(b)(1)(B); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (laying out the four factors for determining excusable neglect as "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good

faith" (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

All parties appear to have acted in good faith in this matter. Pena was once employed by Naphcare during the time period at issue in this case. Because of this, they were originally going to share representation. However, defense counsel soon identified a conflict, and Pena has lately obtained separate representation. While these discussions were ongoing, defense counsel requested, and obtained leave to file from Plaintiffs' counsel, several motions extending their response deadlines. Due to defense counsel's oversight, however, these were not filed with the Court.

While this is not a strong reason for the delay, that Defendants Naphcare and Pena are the last to file responses to the Second Amended Complaint and will be filing a little over a month after the first motion to dismiss was fully briefed, the Court finds that the length of the delay will not have too great of an impact on proceedings. Moreover, that these motions are jointly filed with Plaintiffs indicates there is no prejudice to the opposing party. Accordingly, the Court **GRANTS** each motion to extend. (ECF Nos. 68, 70.) Defendants Pena and Naphcare are **ORDERED** to respond to the Second Amended Complaint **no later than August 20, 2025**.

Plaintiffs' *ex parte* Motion for an Extension of Time to Request Entry of Default regarding Defendant Jose Pena is **DENIED** as moot; this Order extends Pena's response deadline and therefore default would not be warranted before that deadline expires. (ECF No. 73.)

**IT IS SO ORDERED.**

DATED: August 11, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court