**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

THE ESTATE OF RAYMOND VOGELMAN; J. LESLIE CRAWFORD,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, *et al.*,

Defendants.

Case No. 24-cv-00234-BAS-MMP

**ORDER DENYING CROSS-DEFENDANT NAPHCARE OF SAN DIEGO, LLC'S PARTIAL MOTION TO DISMISS (ECF No. 139)**

Presently before the Court is Cross-Defendant NaphCare of San Diego, LLC's ("NaphCare") partial motion to dismiss the County of San Diego's ("County") Crossclaim against it. (ECF No. 139 ("Mot.").) The County opposes (ECF No. 141) and NaphCare replies (ECF No. 147). Having considered the parties' filings and the relevant law, the Court **DENIES** the motion.

NaphCare seeks partial dismissal of a particular theory underlying the County's Crossclaim against it. (Mot. at 3.) Specifically, it contends Counts II–IV of the County's Crossclaim should be dismissed with prejudice to the extent they seek indemnity or contribution for any potential liability assessed against the County based on 42 U.S.C. § 1983. (Mot. at 9–10.)

However, "[a] motion to dismiss is not appropriately directed to particular theories of liability, but only to a claim in its entirety." *See Straumann USA, LLC v. TruAbutment Inc.*, No. 19-cv-00878-JLS-DFM, 2019 WL 6887173, at *4 (C.D. Cal. October 1, 2019) (citing *Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009)); *see also Sabana v. CoreLogic, Inc.*, No. 23-cv-00965-HDV-JDE, 2026 WL 2367686, at *5 (C.D. Cal. July 10, 2026) ("A motion to dismiss under Rule 12(b)(6) cannot be used for piecemeal challenges to only a part of a claim or a theory of liability." (citations omitted)). Though the Ninth Circuit has yet to weigh in on this precise question, at least two of its sister circuits have concluded that Rule 12(b)(6) does not permit dismissal of less than a whole cause of action. *See Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025) ("A motion to dismiss under Rule 12(b)(6) does not permit piecemeal dismissals of parts of claims." (citation modified)); *Rennenger v. Aquawood, LLC*, 183 F.4th 997, 1003 (8th Cir. 2026) (same). A leading treatise on federal practice concurs. *See* 5B *Wright & Miller's Federal Practice & Procedure* § 1358 (4th ed. 2026) ("A Rule 12(b)(6) motion [] may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief, although a Rule 12(b)(6) motion may not be used to dismiss only part of a claim." (collecting authority)).

NaphCare's motion is precisely what these authorities hold to be improper—it seeks dismissal of a portion of the County's claims "insofar as" they seek reimbursement for potential liability assessed against the County under 42 U.S.C. § 1983. (Mot. at 9–10.) The Court does not necessarily disagree with the premise of the motion—that equitable or implied indemnity is unavailable under 42 U.S.C. § 1983. (*See id.* at 5–7.) However, the County has made clear it is not seeking indemnification or contribution from NaphCare for liability imposed solely under Section 1983, but rather based on independent state-law claims. (ECF No. 141 at 2–4.) That alone is sufficient to defeat NaphCare's motion, which is squarely aimed at indemnification or contribution for liability arising only under Section 1983. The parties can be assured the Court will not allow legally insufficient theories of recovery to be presented to the trier of fact. For the reasons outlined above, NaphCare's

partial motion to dismiss one of several potential theories of recovery underlying the County's Crossclaim is **DENIED WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED.**

**DATED: November 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

[1] Though the Court identified this argument as one that may be appropriately raised on a motion to dismiss in its prior order granting the County leave to file its Crossclaim, (ECF No. 134 at 4), it was not apparent to the Court that NaphCare would move to dismiss less than a full cause of action. Upon review, the Court finds that this piecemeal use of Rule 12(b)(6) is improper.